UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Norman T. Dais, ) | C/A No.4:10-2695-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Melanie Huggins, Horry County Clerk of ) | |
| Court; Ms. Dixie Cox Enbank, Horry County ) | |
| Court Reporter; and Alfred W. Bethea, Jr., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The *pro se* plaintiff, Norman T. Dais, brings this action pursuant to 42 U.S.C. § 1983.[1] He is an inmate at the South Carolina Department of Corrections. The plaintiff contends that the Horry County Clerk's Office failed to appoint him counsel in violation of his state and constitutional rights. He also alleges that defendant Huggins and Enbank committed fraud upon the court by introducing a false affidavit into his state court file and that defendant Bethea was complicit in this "alteration" of his public record. He seeks a reopening of his 1986 state court criminal case based upon these alleged violations of his Sixth Amendment rights.

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject,

1

Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation. He filed timely objections which this court has reviewed de novo.

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim and his claim for monetary damages under § 1983 is barred by *Heck*.

In his one-page objection to the Report, plaintiff contends that this action is for damages "occasioned by the defendant's knowing 'falsification of plaintiff's court records'" and that this action is a separate and distinct tort from his criminal conviction. He also notes and that the damages he seeks by this action are to have his criminal conviction set aside for lack of counsel. Regardless, his complaint is still barred by *Heck*. If this court were to find that the plaintiff's due process rights were violated, as he alleges, then such a finding might

---

or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

2

invalidate the underlying conviction. If, on the other hand, plaintiff's conviction was declared invalid, then at that point he would be free to seek monetary or other damages.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 21, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge